**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Rachel M. Bien
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

**KESSLER TOPAZ MELTZER & CHECK LLP**
Peter A. Muhic (*admitted pro hac vice*)
James A. Maro (*admitted pro hac vice*)
Michelle A. Coccagna (*admitted pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

**LAW OFFICE OF STEVEN ELSTER**
Steven Elster (*admitted pro hac vice*)
785/E2 Oak Grove Road #201
Concord, CA 94518-3617
Telephone: (925) 324-2159

**MARKUN ZUSMAN & COMPTON LLP**
William A. Baird (*admitted pro hac vice*)
17383 Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272
Telephone: (310) 454-5900

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT COMMISSO and PETER VICARIO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | 11-CV-5713 (NRB)<br><br>**FIRST AMENDED CLASS/COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Vincent Commisso and Peter Vicario, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## **NATURE OF THE ACTION**

1. Defendant PricewaterhouseCoopers LLP ("PwC" or "Defendant") is an international audit, tax, and advisory firm with offices in 154 countries and nearly 170,000 employees worldwide. PwC generated $29.2 billion in revenues during fiscal year 2011.

2. Plaintiffs Vincent Commisso ("Commisso") and Peter Vicario ("Vicario") each worked for PwC's Assurance line of service as an "Associate," an entry-level job that does not require a Certified Public Accountant license, requires no advanced level training, and primarily involves performance of routine tasks such as data entry, basic document review, counting, comparing data among client documents and records, photocopying, and organizing (hereinafter referred to as "Unlicensed Associate(s)").

3. Throughout the relevant time period, it has been PwC's nationwide policy to deprive its Unlicensed Associates of earned overtime wages. In order to avoid paying Unlicensed Associates overtime premiums for hours they worked in excess of 40 in a workweek, PwC has uniformly misclassified them as exempt from the overtime protections of the Fair Labor Standards Act and the New York Labor Law. Unlicensed Associates perform their duties under the close supervision of more senior PwC employees and exercise little, or no, independent judgment and discretion. Unlicensed Associates' primary duties are substantially the same from one PwC location to another.

4. Unlicensed Associates are regularly scheduled for and regularly work more than 40 hours per workweek.

5. By the conduct described in this Class Action Complaint, Defendant has violated the Fair Labor Standards Act and the New York Labor Law by failing to pay Unlicensed Associates, including Plaintiffs, overtime as required by those laws. These violations arose out

of Defendant's uniform company-wide policies and its pattern or practice of violating wage and hour laws.

6. Plaintiff Vicario brings this action on behalf of himself and all similarly situated current and former Unlicensed Associates in PwC's Assurance line of service throughout the United States as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA").

7. Both Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Unlicensed Associates in PwC's Assurance line of service in New York as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (collectively, the "NYLL").

## THE PARTIES

### Plaintiff Vincent Commisso

8. Plaintiff Commisso is an adult individual who is a resident of Scotia, New York.

9. Mr. Commisso was employed by Defendant as an Unlicensed Associate in Albany, New York, from approximately August 2005 through approximately October 2007.

### Plaintiff Peter Vicario

10. Plaintiff Vicario is an adult individual who is a resident of Brooklyn, New York.

11. Mr. Vicario was employed by Defendant as an Unlicensed Associate in New York, New York, from approximately September 2007 through approximately December 2009.

### Defendant PricewaterhouseCoopers LLP

12. Throughout the relevant time period, PwC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including the payroll and other

employment practices that applied to them.

13. PwC is a Delaware limited liability partnership with its headquarters located at 300 Madison Avenue, New York, New York.

14. PwC operates 75 offices throughout the United States.

15. PwC employs more than 30,000 individuals in the United States.

16. Throughout the relevant period, PwC employed Plaintiffs and similarly situated employees within the meaning of the FLSA and NYLL.

17. PwC is an employer within the meaning of the FLSA and NYLL.

18. PwC is the entity printed on Plaintiffs' paystubs.

19. PwC applies the same employment policies, practices, and procedures, including with respect to payment of overtime, to all Unlicensed Associates throughout the United States, including the state of New York.

20. PwC has classified all Unlicensed Associates as exempt from the overtime requirements of the FLSA and NYLL.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201, *et seq.* and 28 U.S.C. § 1331.

22. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those derive from a common nucleus of operative facts.

23. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant's headquarters are located in this District.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

25. Plaintiff Vicario brings the First Cause of Action, the FLSA claim, under 29 U.S.C. § 216(b), on behalf of himself and a collective class consisting of all persons who have worked for Defendant as "Unlicensed Associates" in PwC's Assurance line of service anywhere in the United States within the three years prior to opting-in to this action and who have not opted into *Kress v. et al. v. PricewaterhouseCoopers LLP*, USDC Case No. 2:08-CV-00965 LKK/GGH (the "Nationwide Collective"). Plaintiff consents in writing to being a party to this action. *See* Exhibit A.

26. Plaintiffs bring the Second Cause of Action, the NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked for Defendant as "Unlicensed Associates" in PwC's Assurance line of service in New York within the six years prior to the filing of this Class Action Complaint, and the date of final judgment in this matter (the "New York Class").

27. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

28. The persons in the NY Class ("NY Class Members") identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

29. Because Defendant has acted or refused to act on grounds generally applicable to

5

the NY Class, final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole is appropriate.

30. There is a well-defined community of interest in the questions of law and fact affecting the NY Class as a whole. The questions of law and fact common to the NY Class that predominate over any questions solely affecting individual NY Class Members, include but are not limited to:

  a. whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and the NYLL;

  b. whether Defendant failed and/or refused to pay Plaintiffs and the NY Class overtime pay for hours worked in excess of 40 hours per workweek;

  c. whether Defendant's policy of misclassifying workers was done willfully or with reckless disregard of the law; and

  d. the nature and extent of the class-wide injury and the appropriate measure of damages for the NY Class.

31. Plaintiffs' claims are also typical of the claims of the NY Class they seek to represent. Plaintiffs and the NY Class Members work or have worked for Defendant in the United States, including New York, and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek. Defendant acted and refused to act on grounds generally applicable to the NY Class, thereby making declaratory relief with respect to the NY Class appropriate.

32. Plaintiffs will fairly and adequately represent and protect the interests of the NY Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the NY Class to represent its interests fairly and adequately. Plaintiffs recognize that as class

representatives, they must represent and consider the interests of the NY Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the NY Class Members. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the NY Class Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

33. Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The NY Class Members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual NY Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

## FACTUAL ALLEGATIONS

35. Plaintiffs worked for Defendant as Unlicensed Associates.

36. Plaintiffs were not required to be certified as Certified Public Accountants in order to perform the duties of the Unlicensed Associate position.

37. Plaintiffs' primary job duties were routine tasks, including basic client document and records review, inventory counts, photocopying, and data entry.

38. Plaintiffs regularly worked more than 40 hours per workweek. For example, during what is known as the "busy season" each year, from approximately early January to late March or early April, Plaintiffs worked at least 55 hours almost every week.

39. All of the work that Plaintiffs and the members of the Nationwide Collective and the NY Class Members (collectively "Class Members") performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and the Class Members have performed.

40. Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant's headquarters in New York, New York.

41. During the relevant time period, it has been Defendant's centrally promulgated nationwide policy and pattern or practice to classify all Unlicensed Associates as exempt from coverage of the overtime provisions of the FLSA and the NYLL.

42. Upon information and belief, Defendant made the decision to classify all Unlicensed Associates as exempt and made other relevant employment decisions about Unlicensed Associates in New York, New York.

43. Defendant paid all Unlicensed Associates a weekly wage but failed to pay them for any hours that they worked in excess of 40 hours in a workweek.

44. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to the Plaintiffs and the Class members. This pattern, practice, and/or policy includes but is not limited to:

    a. willfully misclassifying Plaintiffs and the Class Members as exempt from the requirements of the FLSA and the NYLL;

    b. willfully failing to record all of the time that Plaintiffs and the Class Members have worked for the benefit of the Defendant; and

    c. willfully failing to pay Plaintiffs and the Class Members overtime wages for hours that they worked in excess of 40 hours per workweek.

45. Upon information and belief, Defendant's unlawful conduct described in this Collective/Class Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the NYLL.

46. Defendant was aware, or should have been aware, that the FLSA and the NYLL required it to pay Plaintiffs and the Class Members an overtime premium for hours worked in excess of 40 per workweek.

47. Defendant was aware, or should have been aware, that Plaintiffs and the Class Members (a) primarily performed routine tasks, such as basic document and records reviews, data entry, and photocopying; (b) were closely supervised by more senior PwC employees; and (c) exercised little or no discretion in the performance of their duties.

48. Notwithstanding their job duties, Defendant classified Plaintiffs and the Class Members as exempt employees in an attempt to avoid paying them overtime compensation.

49. Defendant's failure to pay Plaintiffs and the Class Members overtime wages for their work in excess of 40 hours per workweek was willful.

50. Defendant's predecessor, Price Waterhouse, formerly paid overtime to Unlicensed Associates but stopped doing so for a perceived business advantage.

51. Defendant has been sued previously for failure to pay overtime to Unlicensed Associates but has refused to reclassify them as non-exempt.

52. Upon information and belief, Defendant also has been aware about suits against other "Big Four" accounting firms for failure to pay similar employees for overtime.

53. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, §§ 206, 207
### (On behalf of Plaintiff Vicario and the Nationwide Collective Class)

54. Plaintiff Vicario realleges and incorporates by reference all allegations in all preceding paragraphs.

55. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a one-half times the regular rate at which he is employed.

56. At all times relevant, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57. At all times relevant, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

58. At all times relevant, Plaintiff Vicario and the members of the Nationwide Collective Class consistently worked in excess of forty (40) hours in a workweek; however, Defendant failed to pay Plaintiff Vicario and each member of the Nationwide Collective Class overtime at a wage rate of one and one-half times their regular rate of pay.

59. Defendant engaged in a widespread pattern, policy, and practice of violating the

FLSA, as detailed in this First Amended Collective/Class Action Complaint.

60. Defendant's violations of the FLSA, as described in this First Amended Class Action Complaint, have been willful and intentional.

61. Due to Defendant's willful violations of the FLSA, Plaintiff Vicario and the Nationwide Collective Class are entitled to recover from Defendant their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19, §§ 650 *et seq.*
**(On behalf of Plaintiffs and the NY Class)**

62. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this First Amended Collective/Class Action Complaint.

64. At all times relevant, Plaintiffs and the NY Class Members have been employees and Defendant has been an employer within the meaning of the NYLL.

65. Plaintiffs and the NY Class Members are covered by the NYLL.

66. Defendant employed Plaintiffs and the NY Class Members as an employer.

67. Defendant failed to pay Plaintiffs and the NY Class Members overtime wages to which they are entitled under the NYLL.

68. Defendant failed to pay Plaintiffs and the NY Class Members overtime at a wage rate of one and one-half times their regular rate of pay.

69. Defendant failed to keep, make, preserve, maintain, and furnish accurate records

11

of time worked by Plaintiffs and the NY Class Members.

70. Defendant's violations of the NYLL, as described in this First Amended Collective/Class Action Complaint, have been willful and intentional.

71. Due to Defendant's violations of the NYLL, Plaintiffs and the NY Class Members are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. An Order designating the case as a collective action and issuance of notice pursuant to 29 U.S.C. 216(b) to all similarly situated individuals within the definition of the Nationwide Collective Class with instructions to permit them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. 216(b);

B. An Order designating the NY Class as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Plaintiffs as class representatives of the NY Class, and counsel of record as NY Class Counsel;

D. Unpaid overtime under the FLSA and the NYLL;

E. Liquidated damages permitted by law under the FLSA and the NYLL;

F. Issuance of a declaratory judgment that the practices complained of in this First Amended Collective/Class Action Complaint are unlawful under the FLSA and the NYLL;

G. Appropriate equitable and injunctive relief to remedy Defendant's NYLL violations, including but not necessarily limited to an order enjoining Defendant from continuing

its unlawful practices;

    H.    Pre-Judgment and Post-Judgment interest, as provided by law;

    I.    Attorneys' fees and costs of suit, including expert fees; and

    J.    Such other injunctive and equitable relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the First Amended Collective/Class Action Complaint.

Dated:    New York, New York
            March 21, 2012

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By: _____
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Rachel M. Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**KESSLER TOPAZ MELTZER & CHECK LLP**
Peter A. Muhic (*admitted pro hac vice*)
James A. Maro (*admitted pro hac vice*)
Michelle A. Coccagna (*admitted pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

**LAW OFFICE OF STEVEN ELSTER**
Steven Elster (*admitted pro hac vice*)
785/E2 Oak Grove Road, #201
Concord, California 94518-3617
Telephone: (925) 324-2159

**MARKUN ZUSMAN & COMPTON LLP**
William A. Baird (*admitted pro hac vice*)
17383 Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272
Telephone: (310) 454-5900

*Attorneys for Plaintiffs and the Class and Collective*

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I, Peter Vicario, consent to sue as a Plaintiff in this action in order to seek redress for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2. During the applicable period, I was an employee of PricewaterhouseCoopers LLP and worked in excess of forty (40) hours per week, but was not paid overtime compensation.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendant's failure to pay all wages as required under federal law.

DATE: 3/20/2012        By: _____
                            Peter Vicario

## CERTIFICATE OF SERVICE

I, Kevin Ayala, under penalties of perjury, certify that the following is true and correct: I am not a party to this action and am over 18 years of age. On this 21st day of March 2012, I caused to be served a true and correct copy of the foregoing: "First Amended Class/Collective Action Complaint," by causing it to be sent via hand delivery to the following attorneys of record for the Defendant, whose last known address is:

> Daniel J. Thomasch
> Laura Kathryn O'Boyle
> Lauren J. Elliot
> Richard W. Mark
> Gibson, Dunn & Crutcher, LLP (NY)
> 200 Park Avenue, 48th Floor
> New York, NY 10166
> 212-351-4000

Dated: March 21, 2012
New York, New York

Kevin Ayala
Paralegal
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: (212) 245-1000
Fax: (212) 977-4005