```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VINCENT COMMISSO, individually and on
behalf of all others similarly situated,

                    Plaintiff,          MEMORANDUM AND ORDER

         - against -                    11 Civ. 5713 (NRB)

PRICEWATERHOUSECOOPERS LLP,

                    Defendant.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Vincent Commisso brings this diversity action against defendant PricewaterhouseCoopers LLP ("PwC"), seeking unpaid overtime under the New York Labor Law (the "NYLL") on behalf of himself and a class of similarly situated individuals. PwC has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, and, in response, Commisso has moved pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend his complaint to add Peter Vicario as an additional named plaintiff asserting violations of the Fair Labor Standards Act (the "FLSA").

For the reasons discussed herein, we deny Commisso's motion for leave to amend and grant PwC's motion to dismiss.

1

**BACKGROUND**[1]

I. **The Instant Action**

On August 16, 2011, Commisso, a New York resident, filed a complaint (the "Complaint") against PwC, which is a Delaware limited liability partnership headquartered in New York. Commisso had been employed by PwC as an Associate without a Certified Public Accountant license or other advanced training (an "Unlicensed Associate") in PwC's Assurance line of service in New York, from approximately August 2005 to approximately October 2007. The Complaint was filed on behalf of both Commisso and all others similarly situated -- i.e., Unlicensed Associates who worked in Assurance, in New York, at any time within the six years preceding the filing of the Complaint through the date of judgment -- and alleges that PwC wrongly classified them as exempt from overtime under the NYLL. Because PwC and Commisso are both residents of New York and the Complaint alleges only a single claim under New York state law, Commisso has premised subject matter jurisdiction on the diversity provisions of the

---

[1] These facts are drawn from the complaint; the Declaration of Daniel J. Thomasch, dated January 27, 2012, and exhibits annexed thereto; the Declaration of Joan Grady, dated January 26, 2012 ("Grady Decl."); the Declaration of Daniel J. Thomasch, dated May 7, 2012 ("Thomasch Decl."); and the Court's files. On a motion to dismiss for lack of subject matter jurisdiction, we are not limited to the facts alleged in the complaint and "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." State Emp. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007). We may also take judicial notice of documents filed in other cases for the fact of their existence. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

2

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), by alleging that other class members are not New York residents.

PwC answered the Complaint on November 17, 2011, and we held a conference with the parties on December 13, 2011. At that conference, PwC discussed its intention to move to dismiss the Complaint for lack of subject matter jurisdiction based on the makeup of the putative class. Commisso made no mention of an intention to amend the Complaint and attain federal subject matter jurisdiction through the addition of an FLSA claim. Subsequent to that conference, on December 28, 2012, we entered a briefing schedule for PwC's motion. Accordingly, PwC filed its motion to dismiss on January 27, 2012, contending -- as discussed further below -- that the number of New York residents in the putative class brings the case within one of the exceptions to CAFA's grant of diversity jurisdiction.

Nearly two months later on March 21, 2012, in lieu of filing an opposition -- after having received a two-week extension for filing his opposition -- Commisso filed an amended complaint, without having requested leave to do so, that added Vicario as a new named plaintiff. Vicario had, like Commisso, worked for PwC as an Unlicensed Associate in New York, though during a later period -- approximately September 2007 to December 2009. The amended complaint asserted an FLSA claim on behalf of Vicario and a nationwide collective of Unlicensed

3

Associates in PwC's Assurance line who are not already members of <u>Kress v. PricewaterhouseCoopers LLP</u>, No. 2:08-cv-00965 (LKK/GGH) (E.D. Cal.), an FLSA collective action currently pending against PwC, to which Commisso has indisputably opted in. The FLSA claim in the amended complaint, like the NYLL claim, seeks unpaid overtime, alleging that PwC improperly classified Unlicensed Associates as exempt from the protections of the FLSA.

During a telephone conference with the parties on March 27, 2012, we indicated that the amended complaint was improperly filed[2] and that Commisso would need to proceed by formal motion if he desired leave to amend the Complaint. Pursuant to that discussion and a subsequent letter from the Court, Commisso filed his motion for leave to amend on April 23, 2012, indicating that the earlier-filed amended complaint should be treated as the proposed amended complaint (the "PAC"). Briefing on that motion concluded on May 14, 2012.

## II. The Kress Action

As noted, <u>Kress</u>, an FLSA collective action alleging improper withholding of overtime of a nationwide group of

---

[2] Plaintiff's time to file an amended complaint as of right expired on December 8, 2011, 21 days after the answer was filed. <u>See</u> Fed. R. Civ. P. 15(a)(1)(B).

4

Unlicensed Associates in PwC's Assurance line of service,[3] is currently pending against PwC in the Eastern District of California.[4] Kress is a consolidation of Le v. PricewaterhouseCoopers LLP, No. 3:07-cv-05476 (MMC) (N.D. Cal.), filed October 26, 2007 and transferred to the Eastern District of California on April 16, 2008, and Kress v. PricewaterhouseCoopers LLP, No. 2:08-cv-01234 (SVW-CW) (C.D. Cal.), filed January 18, 2008 in Los Angeles Superior Court, removed to the Central District of California on February 22, 2008, and transferred to the Eastern District of California on May 5, 2008.

The consolidated collective action was conditionally certified on November 25, 2009, see Kress v. PricewaterhouseCoopers LLP, 263 F.R.D. 623, 631 (E.D. Cal. 2009), and the court subsequently set a June 28, 2010 deadline for opting in to the collective action. Commisso, along with a number of other individuals, opted in to the Kress FLSA collective action before the court-ordered deadline had passed. Kress, 2:08-cv-00965 (LKK/GGH), docket no. 131, Notice of Consent to Become Party Pl. (E.D. Cal. May 18, 2010). Vicario also filed a consent, but not until over two weeks past the

---

[3] The complaint in Kress also alleges, among other things, state claims under the California Labor Code.

[4] The counsel representing PwC in this action is also representing PwC in Kress; similarly, three of the four firms representing Commisso are representing the plaintiffs in Kress.

5

deadline. Id., docket no. 162, Notice of Consent to Become Party Pl. (E.D. Cal. July 14, 2010). Since that time, no motion to exclude Vicario from Kress has been filed (Thomasch Decl. ¶ 8),[5] and PwC has represented -- both on the March 27, 2012 telephone conference and by affidavit (id. ¶ 9) -- that it will not challenge Vicario's consent as untimely.

## DISCUSSION

I.   **The Motion for Leave to Amend**

   A.   **Legal Standards**

Leave to file an amended complaint "should [be given] freely" "when justice so requires." Fed. R. Civ. P. 15(a)(2).[6] However, it is within the discretion of a district court to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). An

---

[5] Commisso has asserted in his briefing -- though without providing any evidence or affidavits -- that PwC challenged Vicario's consent by letter and reserved its right to take up the issue later.

[6] Commisso is also requesting to add Vicario as a party to the action. The addition of a party is governed by Federal Rule of Civil Procedure 21, which permits such an addition "at any time, on just terms." Analysis under this rule requires consideration of "judicial economy and [courts'] ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action." JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 Civ. 9116, 2009 U.S. Dist. LEXIS 39858, at *4-5 (S.D.N.Y. May 12, 2009) (internal quotation marks omitted). A separate analysis is unnecessary, however, because "where parties satisfy the requirements under [Rule 15(a)] for leave to amend, they will generally be permitted to add parties under [Rule 21]." Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194, 201 (E.D.N.Y. 2005); see also Johnson v. Bryson, No. 10 Civ. 3105, 2012 U.S. Dist. LEXIS 40973, at *29 (S.D.N.Y. Mar. 22, 2012).

6

amendment to a complaint is considered "futile" if the proposed claims could not withstand a motion to dismiss. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); see also Hassan v. U.S. Dep't of Veterans Affairs, 137 F. App'x 418, 420 (2d Cir. 2005) (finding amendment futile when the court lacked subject matter jurisdiction); Bonfiglio v. N.Y. Presbyterian Hosp. Weill Cornell Med. Ctr., No. 10 Civ. 4939, 2011 U.S. Dist. LEXIS 63794, at *8 (S.D.N.Y. June 16, 2011).

### B. Vicario Is Not a Suitable Named Plaintiff for the Proposed Amendment

A named plaintiff may bring a collective action under the FLSA only on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). The burden of proving that a plaintiff is similarly situated to the putative collective rests with that plaintiff. See Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12 Civ. 265, 2012 U.S. Dist. LEXIS 76660, at *2-3 (S.D.N.Y. June 1, 2012).

Commisso's proposed amendment provides that Vicario brings the FLSA action "on behalf of himself and a collective class consisting of all persons who [among other things] have not opted into [Kress]." PAC ¶ 25. Vicario, however, has opted in to Kress, and no motion to exclude him has been made. He is therefore not similarly situated to the rest of the proposed

members of the collective action. Cf., e.g., Romero v. H.B. Auto. Grp., Inc., No. 11 Civ. 386, 2012 U.S. Dist. LEXIS 61151, at *41 (S.D.N.Y. May 1, 2012) (finding that a named plaintiff was not similarly situated to the putative opt-ins because she had no FLSA claim).

Commisso argues that, because Vicario filed his consent to opt in to the Kress action after the deadline to do so, he is not properly part of that action. A late filing, however, does not necessarily bar participation in a collective action. See, e.g., Ayers v. SGS Control Servs., Inc., Nos. 03 Civ. 9078, 06 Civ. 7111, 2007 U.S. Dist. LEXIS 76539, at *15-17 (S.D.N.Y. Oct. 9, 2007) (permitting late opt-ins to nevertheless join the collective action). Commisso further argues that Vicario's place in the Kress action is not secure because the Eastern District of California has not issued an order stating that all late opt-ins are part of the action, so Vicario needed to protect his FLSA claim by bringing it here. We are not as worried about the safety of Vicario's place in Kress as Commisso professes to be.

The Court is aware of no instance where a court has sua sponte excluded late opt-ins from a collective action, and, as noted previously, PwC has represented that it will not challenge Vicario's consent in Kress as untimely. At this point, should PwC move to exclude Vicario from Kress on the basis of his

consent having been filed after the deadline, it would be equitably estopped from doing so.

Moreover, even if the district court decided to evaluate the appropriateness of permitting Vicario to remain in the action, it is likely that Vicario would not be excluded. In making that decision, California courts keep in mind "the remedial purpose of the FLSA" and consider "judicial economy and prejudice to the defendant." Wren v. RGIS Inventory Specialists, No. C-06-05778 JCS, 2009 U.S. Dist. LEXIS 52040, at *11-14 (N.D. Cal. June 19, 2009) (discussing In re Wells Fargo Home Mortg. Overtime Pay Litig., No. MDL 06-01770 MHP, 2008 U.S. Dist. LEXIS 88851, at *2-3 (N.D. Cal. Oct. 23, 2008), and relaxing the deadline for filing consents); see also Misra v. Decision One Mortg. Co., No. SA CV 07-0994 DOC (RCx), 2009 U.S. Dist. LEXIS 119468, at *18 (C.D. Cal. Apr. 13, 2009) (permitting the inclusion of late opt-ins when the defendants did not object); cf. Ketchum v. City of Vallejo, No. S-05-1098 RRB JFM, 2007 U.S. Dist. LEXIS 94325, at *13 n.11 (E.D. Cal. Dec. 11, 2007) (permitting the plaintiffs to opt in at a late stage of the litigation because the defendant was not prejudiced thereby). The same concerns of judicial economy that have motivated these courts apply here: should Vicario be excluded from Kress, he would simply initiate another collective action, as demonstrated by his conduct in this case. Cf. Wren, 2009 U.S. Dist. LEXIS

52040, at *13 (noting that plaintiffs not permitted to opt in may simply "file separate class actions, which would defeat the purpose of the class action mechanism"). And PwC has clearly not been prejudiced, as evidenced by its repeated representation that it will not challenge Vicario's participation in Kress as untimely. Moreover, excluding Vicario from that action now -- over two years after he filed his consent -- would be extremely prejudicial to Vicario.

We therefore find that Vicario is a member of Kress and unlikely to be excluded from that action, and thus he is not similarly situated to a group of individuals who are not members of Kress. Accordingly, amending the Complaint as proposed would be futile and leave to do so is denied.[7]

---

[7] Commisso's most obvious potential alternatives for pleading the FLSA claim would also be futile. The group on behalf of whom Vicario proposes to bring the claim cannot be restyled to include individuals who are members of Kress because the claim would then be subject to dismissal as duplicative of Kress. See Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001) ("[D]uplicative litigation as between federal courts is ordinarily to be avoided . . . ."); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." (internal quotation marks and alteration omitted)); see also Copello v. Boehringer Ingelheim Pharmaceuticals Inc., 812 F. Supp. 2d 886, 888-90 (N.D. Ill. 2011) (dismissing substantially similar FLSA claims to "avoid[] duplicative efforts by two federal district courts and the potential for inconsistent results").

Nor can Commisso himself bring the FLSA claim. The maximum statute of limitations for an FLSA claim is three years, see 29 U.S.C. § 255(a), and this action was filed in August of 2011. Commisso, however, ended his employment with PwC no later than October 2007, making any FLSA claim he may try to bring untimely.

## II.  The Motion to Dismiss

Having denied Commisso's motion to amend the Complaint, we turn to PwC's essentially unopposed motion to dismiss the Complaint for lack of subject matter jurisdiction. Without the addition of the FLSA claim, the only claim before this Court is that brought under the NYLL, and our jurisdiction thus depends entirely on the diversity of the parties.

### A.  Legal Standards

CAFA grants federal jurisdiction to cases in which, if other requirements not relevant here are met, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). However, a district court may -- "in the interests of justice and looking at the totality of the circumstances" -- decline to exercise subject matter jurisdiction over a class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."[8] Id. § 1332(d)(3). While a plaintiff typically bears the burden of establishing subject matter jurisdiction, see Lujan v.

---

[8] CAFA also provides two exceptions potentially applicable here that mandate that a case proceed in state court. See 28 U.S.C. §§ 1332(d)(4)(A) (the "local-controversy" exception, applicable when, among other requirements, more than two-thirds of the putative class resides in the state where the action was filed), (B) (the "home-state" exception, applicable in similar circumstances). To avoid disputes about PwC's methodology for determining the residency of the members of the putative class, we analyze jurisdiction under the discretionary provision, rather than the mandatory ones.

11

Defenders of Wildlife, 504 U.S. 555, 561 (1992), once jurisdiction under CAFA has been established, the burden shifts to the party advocating the applicability of a CAFA exception, see Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 79-80 (S.D.N.Y. 2006); cf. Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp., 603 F.3d 23, 26 (2d Cir. 2010).

Our determination of whether the threshold requirements for the applicability of the discretionary exception -- that between one-third and two-thirds of the putative class resides in New York and that defendant is a resident of New York -- are met "should be made largely on the basis of readily available information." S. Rep. No. 109-14 at 44 (2005). We may also, however, simply make reasonable assumptions about the makeup of the putative class. See, e.g., Mattera, 239 F.R.D. at 80-81 (assuming the citizenship requirement was met because "all of the putative class members work in New York"); Lucker v. Bayside Cemetery, 262 F.R.D. 185, 189 (E.D.N.Y. 2009) (finding that plaintiffs "failed to provide any credible evidence to overcome the eminently reasonable assumption that the majority -- and certainly one-third -- of those buried, or desiring to be buried, in a Queens cemetery are New York residents"). Such information and assumptions may create a rebuttable presumption that the citizenship requirement is met.

After this determination is made, we analyze six statutory factors to evaluate whether to decline to exercise subject matter jurisdiction over a class action under CAFA: (1) "whether the claims asserted involve matters of national or interstate interest"; (2) "whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States"; (3) "whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction"; (4) "whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants"; (5) "whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States"; and (6) "whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3)(A)-(F). These factors need not all be satisfied to warrant dismissal because we are required to look at the "totality of the circumstances" in determining the applicability of the exception. 28 U.S.C. § 1332(d)(3); see also Sorrentino v.

ASN Roosevelt Ctr., LLC, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) (utilizing a "balancing test").

We are also mindful of Congress's aims in enacting CAFA: to "provid[e] for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2 § 2, 119 Stat. 4 (2005) (emphasis added); see also S. Rep. No. 109-14, at 24 (indicating that federal courts should have control over "'nationwide' class actions," when the laws of a number of states are at issue), 28 (noting that CAFA "ensure[s] that state courts can continue to adjudicate truly local controversies"); cf. id. at 6 (noting that diversity jurisdiction is designed to avoid "state court provincialism against out-of-state defendants").

**B.   The Threshold Requirements of the Discretionary Exception Are Satisfied**

This action was originally filed in New York, so -- in order to meet the threshold requirements of the discretionary exception -- PwC and at least one-third of the putative plaintiff class must be citizens of New York.

Commisso has alleged that PwC is a partnership headquartered in New York (Compl. ¶ 10), and it is therefore reasonable to assume that at least one of PwC's partners resides in New York, giving it New York citizenship. See Herrick Co. v.

SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 192-95 (1990)).

It is also reasonable to assume that at least one-third of the putative class of plaintiffs has New York citizenship because the class is limited to individuals in PwC's New York office. Cf. Mattera, 239 F.R.D. at 80; Lucker, 262 F.R.D. at 189. But we need not rest on assumptions -- PwC has queried its Human Resources data management system to determine the residency of all members of the Complaint's proposed class. (Grady Decl. ¶ 7 & Exs. A, B.) As of the date of filing,[9] the putative class was comprised of 3802 people, 2561 (67.4%) of whom reported only a New York address.[10] (Id. ¶ 10.) This data is more than sufficient to create a presumption that more than one-third of the putative class members are New York citizens, and Commisso has not attempted to rebut this presumption.

---

[9] CAFA provides that citizenship of proposed class members is determined "as of the date of filing of the complaint." 28 U.S.C. § 1332(d)(7). Therefore, although the putative class is defined as extending to all persons who meet the relevant criteria within the six years preceding the filing of the Complaint through the date of judgment, we need not evaluate the citizenship of anyone who may have obtained class eligibility after the date of filing. Nevertheless, were we to do so, our analysis would be unlikely to change: PwC provided citizenship statistics updated through January 16, 2012, five months after the Complaint was filed, and the percentage of New York addresses changed only insignificantly. (Grady Decl. ¶¶ 14, 16 (360 of 511 new putative class members report only a New York address, such that 67.7% of the total putative class reports only a New York address).)

[10] PwC has also indicated that 2675 (70.4%) putative class members have either a New York mailing address or a New York home address if no mailing address was provided. (Grady Decl. ¶ 9.) We have opted to utilize the more conservative measure of citizenship and include only those putative members who did not provide both New York and non-New York addresses.

### C. The Statutory Factors Weigh Against Exercising Subject Matter Jurisdiction

The Complaint alleges violations of New York's labor laws on behalf of individuals who worked in the New York office of a business headquartered in New York. It is readily apparent that these issues are local in nature, and accordingly the first, second, and fourth factors weigh in favor of the Court declining to exercise subject matter jurisdiction.

The fifth factor, too, supports PwC's motion. As discussed above, it is likely that approximately two-thirds of the putative class has New York citizenship. The concentration of citizenship of the proposed class members is otherwise fairly diffuse: 628 (16.5%) report New Jersey addresses, 62 (1.6%) report Connecticut addresses, and the remainder (approximately 11.5%) are dispersed amongst 38 of the other states and a number of foreign countries. (Id. ¶¶ 11-12.) It is clear that the eligible plaintiffs from New York substantially outnumber the ones from elsewhere, and no other state has anywhere near as significant an interest in the case as does New York.

The sixth factor is neutral. While Kress involves similar claims to those at issue here because they both query whether PwC properly classified its Unlicensed Associates as exempt from the applicable labor laws, the two actions underlying Kress were initiated on October 26, 2007 and January 18, 2008, both more

16

than three years prior to the filing of the Complaint. Likewise, another action asserted against PwC, <u>Campbell v. PricewaterhouseCoopers, LLP</u>, No. CIV. S-06-2376 LKK/GGH (E.D. Cal.), seeks similar relief under California state law but was initiated in 2006. Recognizing that these actions do in fact involve similar claims to those at issue here, they were nevertheless all filed outside of the three-year period preceding the filing of the Complaint and therefore any coordination benefits to be derived from maintaining federal jurisdiction are minimal at best.

The only factor weighing in favor of the Court retaining subject matter jurisdiction is the third: the Complaint was not only not pleaded to avoid federal jurisdiction but was, in fact, pleaded so as to attain it. Whatever deference we may owe to a plaintiff's choice of forum, however, is greatly outweighed in this case by the other factors. The case is the epitome of a local class action that involves none of the concerns motivating CAFA's relaxed diversity jurisdiction standards. We therefore decline to exercise subject matter jurisdiction in this action.

## CONCLUSION

For the foregoing reasons, the motion for leave to amend (docket no. 34) is denied, and the motion to dismiss (docket no. 25) is granted.

Dated:     New York, New York
           July 26, 2012

                                    /s/ Naomi Reice Buchwald
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE


Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiff**
Justin M. Swartz, Esq.
Ossai Miazad, Esq.
Delyanne Barros, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016

Peter A. Muhic, Esq.
Jason Conway, Esq.
Michelle A. Coccagna, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Steven Elster, Esq.
Law Office of Steven Elster
785 / E2 Oak Grove Road, #201
Concord, CA 94518-3617

William A. Baird, Esq.
Markun Zusman & Compson LLP
17383 Sunset Boulevard, Suite A380
Pacific Palisades, CA

**Attorneys for Defendant**
Laura K. O'Boyle, Esq.
Richard W. Mark, Esq.
Daniel J. Thomasch, Esq.
Lauren J. Elliott, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

18